# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

**MOSES REINAS,**

        **Plaintiff,**

**v.**                                                                                     **Case No. SA-20-CV-0134-JKP**

**UNITED STATES OF AMERICA, et al.,**

        **Defendants.**

## ORDER OF DISMISSAL

In February 2020, Plaintiff moved to proceed in forma pauperis in this action. The Court granted that motion and Plaintiff's six-page complaint was filed. In that complaint, Plaintiff purports to sue the "United States of America," "U.S. State of TX," and "United Mexican States." According to the complaint, the events giving rise to this litigation occurred between February 2018 and the date Plaintiff submitted the complaint and occurred in numerous locations. He alleges numerous federal and state constitutional violations but provides no real facts to support any claim. Seeing the factual deficiencies of Plaintiff's complaint, the assigned Magistrate Judge ordered Plaintiff to show cause within twenty-one days why the Court should not dismiss his complaint for failure to state a claim upon which relief can be granted. *See* Show Cause Order dated February 26, 2020. On March 30, 2020, Plaintiff filed a motion for appointment of counsel and a response to the Show Cause Order. However, the response is non-responsive and provides insufficient facts to support any claim for relief.

Because the Court has permitted Plaintiff to proceed in forma pauperis in this action his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(b). As already explained to Plaintiff, that statute provides for sua sponte dismissal of the complaint if the Court finds it is frivolous

or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim is factually frivolous when the alleged facts are "clearly baseless," e.g., "fanciful," "fantastic," or "delusional." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992). In other words, "a finding of factual frivolousness is appropriate when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In this instance, Plaintiff's complaint at times crosses into the realm of fanciful or fantastic. For example, among other things, Plaintiff's response to the Show Cause Order states that Plaintiff was "harassed by a Mexican Green Hornet outside a store by the bus station (while eating, by making close disturbing contact" and he "was not allowed to speak [with] the ambassador" in El Salvador and "was given a plane ticket ['wrong-lay-over'] to Miami, Florida." But even if the Court does not view the complaint as factually frivolous, Plaintiff has not stated sufficient facts to support any particular claim against any particular individual or defendant. A plaintiff, moreover, cannot simply file a conclusory complaint that alleges various, unconnected wrongs that Plaintiff has encountered, no matter how slight, for a period of two years across the United States and into foreign countries.

The Court provided Plaintiff with an opportunity to allege sufficient facts to support his complaint, but he has failed to do so. The information he has provided is insufficient to state a

claim upon which relief can be granted and provides no basis to appoint counsel. Accordingly, the Court **DENIES** the motion to appoint counsel (ECF No. 6) and **DISMISSES** this action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(b).

**IT IS SO ORDERED this 8th day of April 2020.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**